Andrew L. **STONE, Individually and as Successor-in-Interest to Chromcraft Corp. and Alsco, Inc., Plaintiff,**

v.

**Francis N. ROSENBAUM, Defendant.**

**Civ. A. No. 88–3548.**

United States District Court, District of Columbia.

June 2, 1989.

**870**

John M. Bixler, Washington, D.C., and Michael I. Saltzman, New York City, for plaintiff.

Edward F. Canfield and Robert E. Heggestad, Washington, D.C., for defendant Rosenbaum.

J. Brian Ferrell and Michael J. Salem, U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM

GESELL, District Judge.

Stone seeks to establish an equitable and contract right to a substantial amount of Federal Income tax refund money received by Rosenbaum which is now held in the Registry of the United States District Court for the Eastern District of Pennsylvania (Judge Fulham) for the benefit of various liens against Rosenbaum asserted in *In the Matter of Penn Central Transportation Company,* Debtor, Civil Action No. 76–2797, including a lien by Pennsylvania Central itself. Rosenbaum opposes. The matter is now before the Court on cross-motions for summary judgment.

Stone filed this complaint on December 13, 1988. Following the decision in *Stone v. Commissioner of Internal Revenue,* 865 F.2d 342 (D.C.Cir.1989), which resolved long-pending tax disputes, the Court held a scheduling conference on March 6, 1989. The Court dismissed the United States as a defendant and set a hearing for March 17, 1989 on other pending motions. Following this hearing, by Memorandum and Order of March 22, 1989, Count VI of the complaint was dismissed, Penn Central Corporation was dismissed as a defendant and Rosenbaum's motion to dismiss the complaint was denied, without prejudice. The Court then considered its jurisdiction. After accepting jurisdiction on March 22, 1989, a schedule for the simultaneous filing of cross-motions for summary judgment between the remaining parties, Stone and Rosenbaum, was set. The motions were fully briefed and documented and have been carefully reviewed by the Court.

Stone seeks to prevent disbursement of income tax refund money received by Rosenbaum to Penn Central and other lien creditors. He asserts he is the sole owner of the Chromcraft Swiss Fund from which Rosenbaum took money to pay the taxes now refunded and with which he garnered profit. Claiming a constructive trust should be imposed on the refund in his favor, Stone alleges that Rosenbaum breached a fiduciary duty and reneged on an oral promise to share the refund and certain profits with Stone.

Stone's claims lack substance. Essential facts are missing. Only a brief discussion of undisputed facts is necessary to justify dismissal of this imaginative complaint.

The background facts are, in large part, set out in detail in the above cited Circuit Court decision which discusses income tax claims arising from the operation of the Chromcraft Swiss Fund following a long fact-finding hearing.[1] Stone was president of Chromcraft. The Fund was a fraudulent device developed by Stone and Rosenbaum in 1965. They arranged for an off-the-books account called the Swiss Fund. This was a blatant fraud on the United States and on the Chromcraft shareholders. In October 1969 Stone and Rosenbaum pled guilty to fraud and went to jail. The Swiss Fund was used by Rosenbaum for his benefit with the full knowledge of Stone. They not only concealed it from the Chromcraft shareholders but from various companies which later acquired Chromcraft. While Stone now claims he is the sole owner of the Fund, this is purely a figment of his imagi-

---

1. *See* Report of the Special Trial Judge, *Rosenbaum v. Comm'r of Internal Revenue,* No. 5199– 72 (T.C. February 29, 1980) at 10, 11 (Rosenbaum Motion Ex. C).

nation. In point of fact, quite the opposite is the case.

Chromcraft was merged with Alsco and by February 1969 Harvard Industries Inc. purchased Stone's entire interest in Alsco and then in November merged with Alsco. Harvard was not told of the Fund which was an asset of Chromcraft. On top of this, Stone represented later in tax litigation brought by the United States that he had no interest in the Swiss Fund but that he was only involved as Chromcraft's president. Through years of litigation he successfully insisted on this position and thereby avoided what would have been major income tax liability.

Now, having won, he claims an oral agreement with Rosenbaum to reimburse him for money borrowed by Rosenbaum from the Swiss Fund and profits gained by investing same. He is unable to state the alleged oral terms of the agreement to share the refund money such as the amount, the interest, the time of payment or the profits involved. The so-called agreement was, at best, a casual remark made sometime around 1983. So far as appears, the statute of limitations would have run in any event. Stone has no right to enforce such an agreement because to do so would perpetuate a fraud. Others have claims on the Swiss Fund because of Stone's continuing fraudulent dealings.

Stone cannot appeal to equity because he lacks clean hands. The Court will leave him where it finds him and will dismiss the complaint. Stone has engaged in both unlawful and inequitable conduct repeatedly in his manipulation of the Fund. It would perpetuate his misconduct to consider his present claims which constitute a last moment attempt to regain control of money improperly set aside by his fraud. It would also perpetuate the fraud to seriously honor his present contentions, which contradict prior litigating positions he took to achieve tax or other benefits. It would be the height of inequity to give performance to his ephemeral contract claim and to ignore the rights of creditors who lost money because of his and Rosenbaum's conduct.

Rosenbaum's motion for summary judgment must be granted and the complaint dismissed. Stone lacks clean hands to press his equitable claims and he has wholly failed to establish an enforceable agreement, whether or not the Statute of Limitations is also a bar. On the record before the Court there is not sufficient evidence to submit the contract issue to a jury and many elements of an enforceable agreement have not been presented. *E.g.*, Stone deposition at 34, December 8, 1988 (*Penn Central Company v. Stone*, No. 3–153072 (E.D.Pa.)). A mere recital does not meet Stone's burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court grants Rosenbaum's renewed motion captioned as a motion for summary judgment and denies Stone's motion for summary judgment.